Electronically Filed
Intermediate Court of Appeals
30629
31-AUG-2011
08:35 AM

NO. 30629

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN FITZGERALD FINNIGAN, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 10-1-0005; CRIMINAL NO. 91-1160

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Petitioner-Appellant John Finnigan (**Finnigan**) appeals
from the Findings of Fact, Conclusions of Law, and Order Denying
Petition for Post-Conviction Relief (**Order Denying Post-
Conviction Relief**), filed on July 2, 2010, in the Circuit Court
of the First Circuit (**Circuit Court**).[1]/

On August 24, 1994, Finnigan was convicted of Murder in
the Second Degree and sentenced to life with the possibility of
parole. On November 14, 1996, in Appeal No. 18441, Finnigan's
conviction was affirmed by the Hawai'i Supreme Court.

On January 21, 2010, Finnigan filed a Petition to
Vacate, Set Aside, or Correct Judgment or to Release Petitioner
from Custody (**Petition**), pursuant to Rule 40 of the Hawaii Rules
of Penal Precedure (**HRPP**). The Petition stated four grounds for
relief as follows:

---

[1]/ The Honorable Michael D. Wilson presided.

A. Ground One: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

State supporting FACTS (do not cite cases or law): Prosecutor withheld evidence from defendant of military investigation.

Ground Two: Violation of due process rights.

State supporting FACTS (do not cite cases or law): Pre Sentence Investigation (PSI) never completed.

Ground Three: Violation of constitutional right to fair and equal treatment.

State supporting FACTS (do not cite cases or law): Constitutional right violated as Hawaii Paroling Authority (HPA) failed to comply with statutorily required procedural requirements.

Ground Four: Petitioner seek relief for due process violation.

State supporting FACTS (do not cite cases or law): Equal protection right violated as HPA deviated from established minimum term rules.

In the Order Denying Post-Conviction Relief, the Circuit Court denied Finnigan's Petition without a hearing.

On appeal, Finnigan contends:

1.   The court erred in presuming that no military investigation was conducted as protocol requires such an investigation;

2.   The court erred in finding no merit in a complete Pre-sentence Investigation when deciding a Minimum Term(s) of Incarceration as a matter of Due Process;

3.   The court erred in misinterpreting the involvement of Fair and Equal Treatment when the HPA fails to comply with statutorial procedural requirements by classifying the Petitioner as a Level III without written justification explaining the deviation;

4.   The court erred in concluding ground four "[. . .] should be dismissed without prejudice or transferred to the civil courts";

5.   The court erred in denying to hear more regarding the military investigation when there exists a real chance of exoneration and/or possible prosecutorial misconduct;

6.   The court erred in stating that the "Petitioner did not file any pleadings with the HPA[.]"

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Finnigan's points of error as follows:

(1) & (5)  Finnigan presented no argument on appeal with respect to ground one of the Petition.  Instead, Finnigan requests that "ground one be dismissed without prejudice allowing the issue to be addressed in a separate Petition," because the possibility of exoneration exists by way of a copy of a military investigation report.  Finnigan's Petition stated that the prosecution withheld evidence of a military investigation report. Finnigan presented no evidence that the prosecution withheld such information from him.  The Circuit Court did not err in finding that ground one of the Petition to be patently frivolous and without a trace of support in the record.[2]

(2) The State acknowledges that a pre-sentence investigation report was not fully completed.  However, the State presented evidence that the incomplete portion of the pre-sentence investigation report was because Finnigan "verbally informed this officer that he meant no disrespect to the Court, but on the advice of his attorney, he would not complete the pre-sentence questionnaire and would not answer any questions pertaining to the offense because of an appeal that has been filed in his case."  Finnigan does not dispute that he refused to answer questions that were posed in order to complete the pre-sentence investigation report and that is the only reason why the report is incomplete.

On appeal, Finnigan claims that the failure by the Hawaii Paroling Authority (**HPA**) to complete a pre-sentence

_____

[2]  Ground one of the Petition will not be dismissed without prejudice.  We note, however, that Finnigan may be able to file another petition, pursuant to HRPP Rule 40, based on newly discovered evidence, if he can find a copy of a military investigation report. We express no opinion on whether this alternative argument might be consider waived, or whether it might have any merit.

investigation report under Hawaii Revised Statutes (**HRS**) § 706-602 violates his due process rights because the pre-sentence investigation report "is an important tool by which the HPA uses to help determine an inmate's Minimum Term(s) of Incarceration." First, it is the court, not HPA, that is statutorily charged with overseeing the completion of the pre-sentence investigation report. Moreover, Finnegan did not present any evidence, and there is no indication in the record, that any part of the report was incomplete other than the information that he opted not to provide, that he ever requested a more complete report be prepared prior to the 2004 hearing, or that he objected to the partial report prior to the 2004 hearing. Therefore, the Circuit Court did not err in concluding that ground two was patently frivolous and without support in the record.

(3) The Petition failed to set forth which statutorily required procedures the HPA violated. On appeal, Finnigan claims that the HPA failed to follow statutorily required procedures in HRS § 706-604(1), which allows him to be heard and to refute incorrect information in a pre-sentence investigation report. HRS § 706-604(1) states that "the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition," and allow the defendant to controvert or supplement a pre-sentence investigation report when imposing a sentence. The statutory requirements of HRS § 706-604(1) only applies to the court, and not HPA. Therefore, the Circuit Court did not err in finding that ground three was patently frivolous and without support in the record.

(4) In the Petition, Finnigan failed to allege how HPA deviated from established minimum term rules. Only on appeal does Finnigan state that the HPA failed to adequately consider all of the factors when determining that he was a Level III offender instead of a Level I offender. These new allegations and supporting documents submitted by Finnigan on appeal were not

4

considered by the Circuit Court.  Finnigan cannot point to where in the record on appeal he claimed the HPA failed to adequately consider all of the factors when determining that he was a Level III offender.  Therefore, this point of error is waived.  See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).

(6)  Finnegan makes no argument regarding his sixth point of error.  Therefore, this point of error is waived.  See HRAP Rule 28(b)(7).

For these reasons, the Circuit Court's July 2, 2010 Order Denying Post-Conviction Relief is affirmed.

DATED:  Honolulu, Hawai'i, August 31, 2011.

On the briefs:

John Fitzgerald Finnigan
Pro Se Petitioner-Appellant

Richard W. Stacey
Diane K. Taira
Deputy Attorneys General
      and
Brian R. Vincent
Deputy Prosecuting Attorney
for Respondent-Appellee
STATE OF HAWAI'I

Presiding Judge

Associate Judge

Associate Judge